JOHN H. WALBRIDGE, RESPONDENT, *v.* SAMUEL KIL-
PATRICK, APPELLANT.

*Execution of contract by agent — W. G. C. agent for S. K. — sufficient — Extracts copied
from letters — admissibility of.*

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was brought to recover damages for the non-fulfill-ment of an alleged written contract, for the sale of certain real estate. The sale was made through an agent acting on behalf of the defendant, and the latter claimed that the contract was not executed in such a manner as to bind him thereby. As to this the court at General Term say:

" The claim that the contract is not well executed as a contract of the defendant is not well founded. The signature, ' W. G. Campbell, agent for Samuel Kilpatrick,' is an execution of the

instrument in the name of the principal, and not in the name of the agent. (*Worrall* v. *Munn*, 5 N. Y., 244.) * * *

Certain extracts copied from letters of the defendant were admitted in evidence under his exception, proof having been given of the loss of the originals. Judge HULBERT was sworn as to the correctness of such extracts. He read the originals and knew their contents. He compared the extracts with the originals, and swears that they were correct. Campbell swears to the same thing. Under such a state of facts the extracts were competent as secondary evidence of the contents of the lost letters. The objection was that they were 'extracts only, and not the whole letters.' Written extracts from a letter are as competent secondary evidence of contents as statements founded on memory alone. Either Campbell or Judge HULBERT could have refreshed their memory by looking at the same extracts and testified to the same matter orally. But the difficulty is they were offered in evidence as extracts only. No attempt was made to prove the contents of the letters by Hulbert or Campbell. They testified merely to the correctness of the copies of certain passages, and thereupon without proof or attempt at proof of the remaining contents these extracts were offered, received and read in evidence. This ruling seems in conflict with *Sizer* v. *Burt* (4 Denio, 426), and must lead to a new trial. This seems a vexatious and useless formality, since in all probability the same evidence will be given with no more of the contents of such letters having the slightest bearing on the issue. But we are constantly reminded by our highest court that in actions at law the slightest error which might, by possibility, have influenced the decision will call for the reversal of the judgment. We cannot say that other contents of the letters may not explain these 'extracts,' although Judge HULBERT swears to his opinion that they do not. In the case cited it appears that a similar opinion was held to be not evidence of the fact.

New trial granted, costs to abide the event."

*A. Pond*, for the appellant. *R. C. Betts*, for the respondent.

Opinion by BOARDMAN, J.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment reversed and new trial granted, costs to abide the event.